IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Anthony Russo On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br><br>Blanton & Sons, Inc., Brandon Blanton, individually,<br><br>Defendants. | CIVIL ACTION NO.   2:22-cv-2504-BHH<br><br>Collective Action Complaint<br>(Jury Trial Requested) |

Plaintiff Anthony Russo, on behalf of himself and all others similarly situated individuals, by way of his Complaint in the above-captioned matter, alleges and show unto this Honorable Court the following:

**NATURE OF CLAIM**

1.     This is an action for violations of unpaid overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*, (FLSA). Plaintiff brings this action as a collective action pursuant to 29 U.S.C. §216(b), individually and on behalf of himself and other similarly situated employees of the Defendants who suffered damages because of Defendants' violations of the FLSA.

2.     Plaintiff brings an individual claim for unlawful retaliation pursuant to 29 U.S.C. § 215(a)(3), of the FLSA.

3.     Plaintiff also brings individual claims for unpaid wages under the South Carolina Payment of Wages Act, S.C. Code Ann § 41-10-10, et seq. (SCPWA).

## PARTIES, JURISDICTION AND VENUE

4. Plaintiff Anthony Russo is a resident and citizen of Charleston County.

5. Defendant, Blanton & Sons, Inc, (hereinafter "Blanton") is a for profit corporation, registered with the South Carolina Secretary of State.

6. Upon information and belief, Defendant Brandon Blanton ("Brandon") is a citizen of Dorchester County and has an ownership interest in the company.

7. Venue is proper in this District because the Defendants have conducted substantial, continuous and systematic commercial activities in Dorchester County, which is in the Charleston Division. Additionally, the unlawful labor practices and policies giving rise to Plaintiff's claims were committed in the Charleston Division of this Court.

8. Plaintiff brings this action, individually and as an opt-in collective action pursuant to 29 U.S.C. § 216(b), on behalf of a class of all employees who worked in excess of forty (40) hours in any given work week, but who did not receive overtime compensation for such hours within the last three years.

9. This Court has jurisdiction of the state claims alleged herein, and of the FLSA claim per 28 U.S.C. § 1331, and 29 U.S.C. § 216 (b).

10. At all times pertinent to this Complaint, Defendants owned an operation and were an enterprise engaged in interstate commerce or in the production of interstate commerce as defined by the Act, 29 U.S.C. § 203(r) and 203(s).

11. Based upon information and belief, the annual gross sales volume of the Defendants' business was more than $500,000.00 per year at all times material hereto.

## FACTUAL ALLEGATIONS

12. Defendant Blanton, is a full-service HVAC company that provides installation, maintenance and repair of heating and air conditioning systems. Blanton also provides a range of other services such as plumbing, indoor air-quality products and duct system repairs.

13. Defendant Brandon is a Vice-President of Blanton.

14. Upon information and belief, Defendant Brandon has an ownership interest in Blanton.

15. Brandon acts directly and indirectly in the interest of Blanton in relation to Plaintiff and other similarly situated employees. Brandon has the authority to hire and fire, set rates of pay, and discipline employees. Brandon has authority to assign work and create work schedules.

16. Blanton is located at 6074 New Rd, Ravenel, SC 29470.

17. Plaintiff Anthony Russo was employed by the Defendant from approximately July of 2020 until approximately August of 2021.

18. Plaintiff worked as a plumber and was paid an hourly rate.

19. Plaintiff was a non-exempt employee.

20. Plaintiff's regular shift was from 6:30 A.M. to 4:30 P.M.

21. Plaintiff's primary responsibilities included installing new commercial systems and repairing residential fixtures, broken water lines, and old appliances,

22. Plaintiff often drove a company's van which weighed less than 10,000 pounds to various job sites.

23. Plaintiff and similarly situated employees were expected to ride in the company's vehicles to and from the job site.

24. Plaintiff and similarly situated employees were expected to return to the warehouse at the end of their workday before returning home.

25.     Plaintiff and similarly situated employees usually left the job site at approximately 4:30 P.M. to drive to the warehouse.

26.     After arriving at the warehouse at the end of their workday Plaintiff and similar situated employees usually unloaded equipment, tools and sometimes received instructions for the next day's assignments.

27.     After arriving at the warehouse at the end of their workday, Plaintiff and similar situated employees usually unhooked the trailer, and unloaded leftover materials from the job.

28.     Plaintiff and similarly situated employees sometimes loaded the company vehicles with the materials for their job assignments the following day.

29.     Plaintiff often fueled the vehicle on the ride from the job site to the warehouse.

30.     Loading and unloading equipment, tools, materials and receiving instructions for the day's work assignment were integral and principal activities to Plaintiff's and similarly situated employees' job duties.

31.     Initially Plaintiff and similarly situated employees were compensated for the travel time from the jobsite to the warehouse as well as for the work duties they performed at the end of their workday.

32.     However, at some point during Plaintiff's employment the Defendants stopped paying Plaintiff and similarly situated employees for the travel time from the jobsite to the warehouse as well as for the work duties they performed at the end of the workday.

33.     Plaintiff complained to his supervisor about the Defendants' failure to pay Plaintiff and similarly situated employees for travel time from the jobsite to the warehouse as well as for the work related job duties he performed at the end of the day.

34. Despite his complaints, the Defendants continued their practice of not compensating Plaintiff and similarly situated employees for their travel time from the worksite to the warehouse as well as for the work duties they performed at the end of the workday.

35. Consequently Plaintiff and similarly situated employees were often not compensated for approximately six (6) to eight (8) hours of straight time and overtime pay per week.

36. Plaintiff called the Department of Labor ("DOL") and reported that the Defendants were not paying him for his travel time from the worksite to the warehouse as well as for the work duties he performed at the end of the workday.

37. Plaintiff told a few of his co-workers that he had called the DOL to report Defendants' failure to pay him for end of the workday travel time and work duties.

38. Defendant Brandon confronted Plaintiff as he was walking to his car. Brandon told Plaintiff he had a friend at the DOL.

39. Defendant Brandon said he knew Plaintiff reported the company to the DOL.

40. Defendant Brandon told Plaintiff if he didn't like the way he was paid he could find someplace else to work.

41. Approximately two (2) weeks later Plaintiff was terminated.

42. Because of Defendants' retaliatory termination Plaintiff has suffered emotional distress. Plaintiff feels humiliated and embarrassed about being terminated. Plaintiff also experienced stress and anxiety over paying his bills.

43. Defendants claimed they terminated Plaintiff due to a small dent in the bumper of the work vehicle Plaintiff drove.

44. However other employees have caused more extensive damages to work vehicles and were not terminated.

45. Plaintiff alleges that the Defendants claim he was terminated over a dent in the bumper is a pretext and the true reason he was terminated is because he engaged in protected activity by complaining to his supervisor and the DOL about wage violations.

46. Defendants withheld Plaintiff's last paycheck claiming that it was for damage he owed them for the dent in the bumper.

47. Plaintiff had an employment agreement with Defendants that he would be paid an hourly wage for all hours worked.

48. Plaintiff worked for Defendants with the clear understanding and agreement by Defendants, that his compensation would be consistent with all applicable laws, including state wage laws.

49. Plaintiff was a "covered employee" and was entitled to overtime pay when he worked more than forty (40) hours in any given week pursuant 29 U.S.C. § 207 and § 306(a), (c); because he was an employee who drove a vehicle weighing 10,000 pounds or less.

50. At all times relevant to this Complaint, Plaintiff and similarly situated employees were non-exempt employees.

51. Plaintiff's primary duties did not involve managing the enterprise or any subdivision of the enterprise.

52. Plaintiff did not have the authority to hire or fire employees.

53. Plaintiff's responsibilities and job duties did not allow for the exercise of independent discretion.

54. Defendants' failure to pay Plaintiff and similar situated employees for travel time during the work day as well as for post shift duties was willful, deliberate and intentional.

55.

## **FOR A FIRST CAUSE OF ACTION**
(Fair Labor Standards Act–Failure to Pay Overtime Wages)
(Individual and Collective Action)

56. Plaintiff, on behalf of himself and all other similarly situated employees, realleges and incorporates by reference all preceding paragraphs as if specifically set forth herein.

57. Plaintiff and the members of the Plaintiff's class were employees of Defendants for purposes of the Fair Labor Standards Act during times relevant to this Complaint.

58. Defendants failed to pay Plaintiff and the members of the Plaintiff's class at the rate of one-and-a-half times their normal rate of pay for all hours worked in excess of forty (40) hours per work week as required by section 7(a) of the FLSA, 29 U.S.C. § 207(a).

59. Defendants also failed to pay Plaintiff and the members of the Plaintiff's class for all compensable time for which Plaintiffs provided work for the benefit of Defendant.

60. Plaintiff and the members of the Plaintiff's class are entitled to back wages at the rate of one-and-a-half times their regular rate of pay for all overtime hours worked in excess of forty (40) hours per week, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

61. Plaintiff and the members of the Plaintiff's class are also entitled to an award of back pay at overtime rate, as appropriate, as appropriate compensation for all time spent in working for Defendant, which was wrongfully excluded by Defendants in calculating their compensable time.

62. The failure of Defendant to compensate Plaintiff and the other employees for their travel time was knowing, willful, intentional, and done in bad faith.

63. Plaintiff and the members of the Plaintiff's class are also entitled to liquidated damages equal to the amount of overtime compensation and unpaid compensation due to them under the FLSA, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

64. The work and pay records of Plaintiff and the members of the Plaintiff's class are in the possession, custody, and/or control of Defendants, and Defendants are under a duty pursuant to section 11(c) of the FLSA, 29 U.S.C. § 211(c), and pursuant to the regulations of the United States Department of Labor to maintain and preserve such payroll and other employment records from which the amount of Defendant liability can be ascertained.

65. Plaintiff requests an order of this Court requiring Defendants to preserve such records during the pendency of this action.

66. Plaintiff and the members of the Plaintiff's class are also entitled to an award of reasonable attorney's fees and costs incurred in prosecuting this action, pursuant to 29 U.S.C. § 216(b).

**FOR A SECOND CAUSE OF ACTION**
(FLSA–Retaliation) (Individual Action)

67. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

68. Plaintiff engaged in "protected conduct" by complaining to his supervisor about the Defendants' failure to pay him for his travel time from worksite to the warehouse.

69. Plaintiff engaged in "protected conduct" by calling the labor board and complaining about the Defendants' failure to pay him for his travel time from worksite to the warehouse.

70. Defendants did nothing to rectify the wage and hour violations that Plaintiff complained about.

71. As a result of engaging in protected activity, Plaintiff suffered adverse employment action.

72. Defendants willfully, intentionally, and unlawfully retaliated against Plaintiff by terminating him because he verbally complained to his supervisors and DOL about violations of the FLSA.

73. Defendants are liable for the acts of individual supervisors, managerial employees, and/or the acts of their agents.

74. Defendants are subject to liability pursuant to 29 U.S. C. §§203(e)(l) and 215(a)(3) for the retaliatory conduct.

75. Defendants retaliated against Plaintiff because of his protected conduct.

76. Defendants have willfully violated the anti-retaliation provisions of the FLSA, which prohibit "any person" from "discharging or in any other manner discriminating against an employee because that employee has engaged in protected conduct." 29 U.S.C. § 215(a)(3).

77. Because of Defendants' willful violations of the FLSA, Plaintiff is entitled to recover from Defendants for front-pay, back-pay, emotional damages, reasonable attorneys' fees and costs/disbursements of prosecuting this case, plus liquidated damages, and post-judgment interest.

**FOR A THIIRD CAUSE OF ACTION**
(South Carolina Payment of Wages Act)
(Individual)

78. Plaintiff reallege and incorporate by reference all preceding paragraphs as if they were set forth herein verbatim.

79. Defendants are "employers" as defined by S.C. Code Ann. § 41-10-10(1).

80. Defendants employed Plaintiff within the State of South Carolina.

81. According to § 41-10-80(C), when an employer separates an employee from the payroll for any reason, the employer shall pay all wages due to the employee within forty-eight

hours of the time of separation or the next regular pay day which may not exceed thirty days. Defendants violated this by withholding Plaintiff's final pay check.

82. Plaintiff was also not paid for all hours worked. Plaintiff is seeking his straight time earning for the travel time and work activities he was not compensated for up until he worked forty (40) hours a week.

83. S.C. Code Ann § 41-10-10(2) defines wages to means "all amounts at which labor rendered is recompensed . . . and includes vacation, holiday, and sick leave payments which are due to an employee under any employer policy or employment contract."

84. Defendants owe Plaintiff "wages" as defined in Section 41-10-10(2) of the Act, to compensate them for labor rendered to Defendant, as promised to Plaintiff and as required by law.

85. Defendants failed to pay Plaintiff all wages due, as required by Sections 41-10-40 and -50 of the Act.

86. The Defendants failed to pay Plaintiff for as per their employment agreement.

87. In addition, Defendants deducted amounts from the paychecks of Plaintiff and the members of the Plaintiff's class without providing proper written notice as required by Section 41-10-30(A) of the SCPWA.

88. Defendants failure to pay Plaintiff all wages due is willful, without justification, and in violation of the duty of good faith and fair dealing.

89. Pursuant to Section 41-10-80(C) of SCPWA, Plaintiff is entitled to recover an amount equal to three times the full amount of their unpaid wages, or their wrongfully deducted wages, plus costs and reasonable attorney's fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and similarly situated employees who join this action demand:

a) Designation of this action as a collective action on behalf of the FLSA collective class pursuant to 29 U.S.C. § 216 (b);

b) Judgment against Defendants for an amount equal to Plaintiff's and the members of the Plaintiff's class unpaid wages at the applicable overtime rates;

c) Judgment against Defendants that their violation of the FLSA and its implementing regulations were willful;

d) Judgment against Defendants that they violated the retaliation provisions of the FLSA by terminating Plaintiff;

e) Judgment award against the Defendants for emotional and compensatory damages due to his retaliatory termination;

f) Liquidated damages in an amount equivalent to the overtime damages owed to Plaintiff and the members of the Plaintiff's class;

g) Leave to add additional Plaintiff's by motion, the filing of written consent forms; or any other method approved by the Court;

h) Leave to amend to add other Defendants who meet the definition of Plaintiff's employer, 29 U.S.C. § 203(d);

i) Injunctive relief to require Defendants to record, report and preserve records sufficient to enable Plaintiff and similarly-situated employees to determine their wages, hours and conditions and practices of employment, including practices regarding deductions and payment and nonpayment of overtime as mandated by the FLSA.

j) Declaratory Judgement that Defendants violated the SCPWA;

k) An award of treble damages pursuant to the SCPWA;

l) Attorneys' fees and costs; and

m)  All such further relief as the Court deems just and equitable.

## JURY DEMANDED

Plaintiff Russo on his behalf and on behalf of all other similarly situated employees hereby demands a trial by jury.

Respectfully submitted,

s/ Marybeth Mullaney
Marybeth Mullaney (Fed. ID No. 11162)
652 Rutledge Ave  Suite 1A
Charleston, South Carolina 29403
Phone (843) 588-5587 Phone

marybeth@mullaneylaw.net

*Attorney for Plaintiff*

July 30, 2022
Charleston, South Carolina